**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA**

v.                                                                                  **18-CV-431V(Sr)**

**$3,045.00 in UNITED STATES CURRENCY**

_____

**REPORT, RECOMMENDATION & ORDER**

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters.  Dkt. #12.

By Decision and Order entered March 7, 2019, the Court granted a motion by Phil Modrzynski, Esq., to withdrawal as counsel for claimant, Brittany Hardy.  Dkt. #24.  In support of the motion, counsel affirmed that he negotiated a resolution to Ms. Hardy's claim to the currency with the government, but Ms. Hardy had not signed the stipulation of settlement and ceased communication with counsel. Dkt. #24. Counsel submitted an affidavit of service by mail upon plaintiff. Dkt. #24.

The Decision and Order directed claimant, Brittany Hardy, to retain new counsel, who shall file a notice of appearance, or advise the Court that she is proceeding *pro se,* no later than April 5, 2019.  Dkt. #25. A copy of the Decision and Order was served upon claimant, Brittany Hardy, *via* United States mail at 2811 South Park Avenue, Lackawanna, NY 14218. Dkt. #26. The mailing has not been returned.

The Decision and Order warned claimant, Brittany Hardy, that her failure to comply with this Order could result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. #25.

Claimant, Brittany Hardy, has not responded to the Court's Decision and Order as directed.

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted).

Specifically, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the

-2-

defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.  See *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

This forfeiture action has been pending for nearly a year. Dkt. #1. Although claimant's counsel affirmed that he had negotiated a settlement of this matter, claimant did not sign the stipulation of settlement and ceased communication with counsel. Dkt. #24. The Court afforded claimant the opportunity to retain new counsel or to proceed on her own behalf, but claimant has chosen not to exercise either option. Dkt. #25. The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases.  Weighing the history of this case, and claimant's inaction, against the need to expedite cases, this Court finds that it has provided sufficient opportunity for claimant to prosecute her claim. Because claimant has chosen not to do so, any sanction other than dismissal would be futile. Accordingly, this Court recommends that Brittany Hardy's claim be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  See, e.g., *Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:     Buffalo, New York
           April 10, 2019

                                           *s/ H. Kenneth Schroeder, Jr.*
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**