UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   Plaintiff,

 v.               18-CV-431
                  DECISION AND ORDER
$3,045.00 in UNITED STATES
CURRENCY,

   Defendant.

---

  On April 12, 2018, the plaintiff commenced this action *in rem* for the forfeiture of $3,045.00 in United States Currency. Docket Item 1. On May 29, 2018, and June 6, 2018, Brittany Hardy filed a claim to the defendant currency. Docket Items 6 and 8. On June 19, 2018, she filed an answer to the complaint, Docket Item 9, and on July 6, 2018, she filed another claim to the defendant currency. Docket Item 11. On July 9, 2018, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 12.

  On March 6, 2019, Hardy's counsel filed a motion to withdraw as counsel. Docket Item 24. In support of his motion to withdraw, counsel stated that he had negotiated a resolution of Hardy's claim to the currency with the government but that Hardy had not signed the stipulation of settlement and had stopped communicating with him. *Id.* On March 7, 2019, Judge Schroeder granted counsel's motion to withdraw and directed Hardy "to retain new counsel, who shall file a notice of appearance, or advise the Court that she is proceeding *pro se*, no later than April 5, 2019." Docket Item 25.

Judge Schroeder's decision warned Hardy that failure to comply "could result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id*.

Hardy did not respond to the order. On April 10, 2019, Judge Schroeder therefore issued a Report and Recommendation ("R&R") recommending that Hardy's claim be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Docket Item 27. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).[1]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's R&R as well as the plaintiff's submission to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to dismiss Hardy's claims for failure to prosecute.

---

[1] Although titled "Plaintiff's Objections/Comments to the Report and Recommendation," the plaintiff does not object to the R&R; rather, the plaintiff alerts the Court to an outstanding issue should this Court adopt the R&R. More specifically, the plaintiff asks the Court to strike Hardy's answer and to issue an order of forfeiture for the defendant currency. Docket Item 30.

For the reasons stated above and in the R&R, Hardy's claims, Docket Items 6, 8 and 10, are dismissed for failure to prosecute; Hardy's answer, Docket Item 9, is stricken; and the plaintiff shall prepare an order of forfeiture for the Court's review and signature.

SO ORDERED.

Dated: June 5, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE